Dwayne Randall **JOHNSON**,
Petitioner–Appellant,

v.

Carl **ZENON**, Respondent–Appellee.

No. 94–36052.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 1995.

Decided July 11, 1996.

Dennis N. Balske, Assistant Federal Public Defender, Portland, Oregon, for petitioner-appellant.

Robert K. Lau, Assistant Attorney General, Salem, Oregon, for respondent-appellee.

Before: WALLACE, D.W. NELSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Petitioner, Dwayne Randall Johnson, appeals the district court's denial on the merits of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, review the district court's denial of habeas corpus relief *de novo, Sanders v. Ratelle,* 21 F.3d 1446, 1451 (9th Cir.1994), and hold that Johnson has failed to demonstrate exhaustion of state court remedies.

I.

Johnson was charged in Oregon state court with criminal trespass in the first degree and three counts of burglary: burglary with intent to commit menacing; burglary with intent to commit criminal mischief; and burglary with intent to commit rape. During Johnson's jury trial the state, over Johnson's objection, introduced evidence regarding Johnson's prior rape conviction in order to prove his alleged intent to commit rape at the time he entered the victim's home. The jury convicted Johnson of all the crimes charged except for burglary with intent to commit rape, for which it was unable to reach a verdict.

On appeal to Oregon's intermediate appellate court, Johnson argued, *inter alia,* that the admission of his prior rape conviction violated Oregon Evidence Code 404(3), which, like Federal Rule of Evidence 404(b), prohibits the admission of "other crimes, wrongs, or acts" to "prove the character of a person in order to show that the person acted in conformity therewith," but allows

such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ORS 40.170(3).

Johnson, tailoring his argument to the analytical framework established by *State v. Johns*, 301 Or. 535, 725 P.2d 312 (1986),[1] argued that the prior act evidence should have been inadmissible because the prior act and the physical elements associated with it were significantly different from the act for which he was charged. Johnson further argued that even if the two acts were similar in some respects, the probative value of the evidence was substantially outweighed by its danger of unfair prejudice. Lastly, anticipating the argument that any error caused by the prior act's admission was harmless because the jury did not convict him of burglary with intent to rape, Johnson argued:

> [A] hung jury on the intent-to-rape count makes no difference in terms of harmful error. The California rape permeates and corrupts the entire trial. It has "blackened" defendant's character and infringed on his right to present a defense and receive a fair trial. The prejudicial (undue) impact from proof of the California rape is simply impossible to assess.

Brief for Appellant at 19–20, *State v. Johnson*, 117 Or.App. 531, 842 P.2d 819, *modified*, 119 Or.App. 494, 849 P.2d 1160 (1993). Without discussing Johnson's argument, the Oregon Court of Appeals affirmed his conviction. *State v. Johnson*, 117 Or.App. 531, 842 P.2d 819, *modified*, 119 Or.App. 494, 849 P.2d 1160 (1993). Johnson's petition for review, which raised the same arguments as were presented to the Court of Appeals, was denied by the Oregon Supreme Court. *State v. Johnson*, 317 Or. 163, 856 P.2d 318 (1993).

Johnson then filed a petition for a writ of habeas corpus in federal court, arguing that the admission of the prior act evidence deprived him of his fourteenth amendment due process rights. The magistrate judge, after finding that Johnson had exhausted his state court remedies, recommended denying the petition on the merits. The district court reviewed the magistrate judge's findings *de novo* and adopted them in their entirety. Johnson appeals.

## II.

The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A petitioner has satisfied the exhaustion requirement if: (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Picard*, 404 U.S. at 275, 92 S.Ct. at 512; or (2) he demonstrates that no state remedy remains available. *Harmon v. Ryan*, 959 F.2d 1457, 1460 (9th Cir.1992); *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir.1983); *see* 28 U.S.C. § 2254(c) (stating that a petitioner has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented").

As noted above, Johnson asserted in his state appellate briefs that the admission of the prior act evidence "infringed on his right to present a defense and receive a fair trial." The magistrate judge, relying on *Tamapua v. Shimoda*, 796 F.2d 261 (9th Cir.1986), held that this assertion fairly presented Johnson's federal due process claim to the state courts, despite the fact that Johnson's argument on appeal was based exclusively on state evidentiary law.

---

1. Under *Johns*, a court evaluating the admissibility of prior act evidence on the issue of intent or absence of mistake is to make the following determinations:

   (1) Does the present charged act require proof of intent?
   (2) Did the prior act require intent?
   (3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

   (4) Was the type of prior act the same or similar to the acts involved in the charged crime?
   (5) Were the physical elements of the prior act and the present act similar?
   (6) If these criteria are met, is the probative value of the prior act evidence substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury, undue delay or presentation of cumulative evidence?

   *Id.* at 324–25.

In *Tamapua*, the petitioner had argued in state court that the indictment and evidence presented against him were insufficient, and that the act for which he had been convicted was not a crime. *Id.* at 262. In his habeas petition, he argued that his federal due process rights were violated because he was convicted of an act that was not a crime. *Id.* We noted that his argument on habeas was "essentially the same" as the argument presented to the state court and held that he had satisfied the fair presentation requirement because he had provided the state supreme court with a full and fair opportunity to address the substance of his claims. *Id.* at 262–63. In so holding, we relied on two factors: First, the petitioner's primary contention in state court was that he had been convicted with insufficient evidence, and sufficiency of the evidence used to convict is a fundamental concern of the due process clause. *Id.* at 263. Second, the petitioner's reply brief to the state supreme court cited a state case "for the proposition that '[i]t is well established, as a precept of *constitutional* as well as statutory law, that an accused in a criminal case can only be convicted upon proof by the prosecution of every element of the crime charged beyond a reasonable doubt.' (Emphasis added.)" *Id.*

As the dissent in *Henry v. Estelle,* 33 F.3d 1037 (9th Cir.1993), *rev'd sub nom. Duncan v. Henry,* —— U.S. ——, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995), explained, "[t]he crux of *Tamapua* was this judgment that the Hawaii Supreme Court had had a full and fair opportunity to address the substance of Tamapua's federal claim." *Id.* at 1044 (Brunetti, J., dissenting). Nevertheless, subsequent opinions, most notably the majority opinion in *Henry,* have seized upon *Tamapua* and its "essentially the same" language as setting a new standard for determining whether a federal claim has been exhausted in state court. *Henry,* 33 F.3d at 1041–41; *see also Chacon v. Wood,* 36 F.3d 1459, 1467–68 (9th Cir.1994) (relying on *Tamapua* and holding that exhaustion is satisfied so long as a petitioner has presented the state courts "with all the operative facts giving rise to the asserted constitutional principle") (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1958)).

In *Henry,* the petitioner had argued in state court that the admission of prior act testimony had violated California evidentiary law and required reversal because it had resulted in a "miscarriage of justice" under the California Constitution. *Henry,* 33 F.3d at 1040. In his habeas petition, the petitioner claimed that the admission of the prior act testimony violated the Due Process Clause of the Fourteenth Amendment. *Id.* This Court, relying on *Tamapua,* held that the petitioner's federal due process claim had been exhausted because it presented "essentially the same" operative facts and legal theory as presented in state court. *Id.* at 1040–42.

The Supreme Court reversed, impliedly disapproving the "essentially the same" standard suggested by *Tamapua. Duncan v. Henry,* —— U.S. ——, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). The Court reasoned:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Id.* Because the petitioner "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment," his federal claim was unexhausted. *Id.*

After *Duncan, Tamapua*'s "essentially the same" standard is no longer viable. If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. To the extent the district court relied on *Tamapua*'s "essentially the same" standard, it erred.

### III.

As applied to this case, *Duncan* compels the conclusion that Johnson has not "fairly presented" his federal claim in state court. In state court, Johnson limited his arguments exclusively to state evidentiary law. While he did assert that the admission

of the prior act evidence "infringed on his right to present a defense and receive a fair trial," the assertion was made in the course of arguing that the evidentiary error was not harmless under state law. Because Johnson never apprised the state court of the federal nature of his claim, he has not satisfied the fair presentation prong of the exhaustion requirement.

## IV.

Because the district court concluded that Johnson had fairly presented his federal claim to the state courts, it never considered whether any state remedies remain available. We therefore remand for the district court's determination of whether any state remedies remain available and, if none are available, whether Johnson's claim is procedurally barred under Oregon law. *See Castille v. Peoples,* 489 U.S. 346, 351–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (holding that petitioner did not fairly present his federal claims to the state supreme court but remanding since "[t]he requisite exhaustion may nonetheless exist ... if it is clear that respondent's claims are now procedurally barred under [state] law"); *Jennison v. Goldsmith,* 940 F.2d 1308, 1312 (9th Cir.1991) (same).

VACATED AND REMANDED.