103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry BRAZZELL, Petitioner-Appellant,
v.
James SPALDING, Director, Idaho Department of Corrections,
Respondent-Appellee.
 No. 96-35490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Brazzell, an Idaho state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. He contends the district court erred when it dismissed his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and vacate and remand.
 
 A. Background
 
 3
 Brazzell raises two claims: (1) that the Idaho trial court violated his Sixth Amendment rights by improperly limiting cross examination of a prosecution witness; and (2) that his Sixth Amendment right to a fair trial was violated as a result of juror misconduct. Although the district court considered Brazzell's cross examination claim exhausted, it ruled that under Duncan v. Henry, 115 S.Ct. 887 (1995) (per curiam), Brazzell had failed to exhaust state remedies with respect to his juror misconduct claim. The district court therefore dismissed Brazzell's section 2254 petition in order to permit Brazzell to exhaust state remedies. Brazzell timely appealed.
 
 B. Duncan v. Henry
 
 4
 On appeal, the State argues that the juror misconduct claim is unexhausted based on Duncan v. Henry. We disagree.
 
 
 5
 In Henry, the petitioner's presentation of a claim in state court did not satisfy exhaustion because he failed to "alert" the state court to the federal issue. Henry, 115 S.Ct. at 888. In state court, Henry argued that an evidentiary ruling at trial was a miscarriage of justice under the state constitution, not a violation of federal due process. Id. The Court concluded that Henry's federal due process claim was unexhausted because Henry had argued a different legal theory in state and federal court. Id.
 
 
 6
 In this case, in briefs presented to the Idaho Supreme Court, Brazzell argued that: his "fundamental right and expectation of a fair and impartial jury ... was impinged" and that juror misconduct deprived him of a fair trial. Brazzell also cited Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986), which expressly states that "[a] state defendant has a federal constitutional right to an impartial jury."
 
 
 7
 We are satisfied that Brazzell alerted the state court to the federal issue. See Henry, 115 S.Ct. at 888; cf. Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir.1996) (federal claim not fairly presented in state court where petitioner couches fair trial claim only in terms of state evidentiary law). Consequently, Brazzell's juror misconduct claim was exhausted under Henry.
 
 
 8
 Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3