107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Jay BAKER, Petitioner-Appellant,
v.
Ivalee HENRY; Attorney General of the State of California,
Respondents-Appellees.
 No. 96-15929.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided Feb. 26, 1997.
 
 Before: SCHROEDER, ALARCN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Mark Jay Baker's petition for a writ of habeas corpus challenges the California Board of Prison Term's ("BPT") refusal to find him suitable for parole and to set an expected parole release date. The district court dismissed his 28 U.S.C. § 2254 petition for failure to exhaust his state remedies. In this appeal, Baker contends the district court erred in concluding that three of the claims he presented in his federal habeas corpus petition were not exhausted before California's highest court. Respondents argue that Baker waived his right to appeal by failing to file objections to the magistrate judge's findings and recommendations. We conclude that Baker did not waive his right to appeal. We affirm because we hold that Baker presented claims in his federal petition that were unexhausted.
 
 I.
 
 3
 In his findings and recommendations, the magistrate judge stated that "the parties have agreed that six claims [in the amended petition] are exhausted, but disagree as to the disposition of the remaining three claims." The magistrate judge recommended that respondents' motion to dismiss be granted on the ground that "the petitioner has made new claims in support of his legal theories that were not presented to the California Supreme Court, and which go beyond the substance of his state claims." Baker was directed to file written objections with the court within twenty days after receiving the recommendation. The report warned Baker that "failure to file objections within the specified time may waive the right to appeal the District Court's order." Baker filed no objections. Respondents argue that Baker's failure "to file objections to the Magistrate Judge's Findings and Recommendations" resulted in "procedural default thereby forfeiting/waiving his right to appellate review." Respondents' Brief at 9. We disagree.
 
 
 4
 The Federal Magistrates Act, 28 U.S.C. § 636, authorizes a judge to "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). In Thomas v. Arn, 474 U.S. 140 (1985), the Supreme Court interpreted this statute as permitting, but not requiring, a court to establish timely objections to a magistrate judge's report and recommendation as a condition for appeal. The Court held that "a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired." Thomas, 474 U.S. at 155 (emphasis added). In Thomas, the Supreme Court upheld the Sixth Circuit's requirement that parties must file objections if they wish to appeal both the magistrate's findings of fact and conclusions of law. Id.
 
 
 5
 Under the law in the Ninth Circuit, however, "failure to file objections does not waive the right to appeal [a] district court's conclusions of law" that are based on a magistrate judge's recommendation. Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.1983). Rather, "such a failure is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir.1991). In Martinez, this court held that waiver would be appropriate if a party's failure to object to the magistrate judge's conclusions of law was coupled with its failure to raise the objection until its reply brief, thus precluding adequate appellate briefing. Id. at 1157. Here, Baker presented the exhaustion question in his opening brief. Therefore, Baker has not waived his right to appeal from the district court's adoption of the magistrate judge's conclusion that Baker's federal petition contained unexhausted claims.
 
 II.
 
 6
 Baker contends that the district court erred when it adopted the magistrate's conclusion that Baker's amended petition contained three unexhausted claims. He argues that "a fair and full comparison between the state petition and the clarifying amended federal petition demonstrates that the facts and federal constitutional legal theory that form the basis for the grounds for relief listed in the later federal petition were fairly presented in the earlier state petition." Appellant's Opening Brief at 10. We review de novo whether a state prisoner exhausted a claim in state court. Harris v. Pulley, 885 F.2d 1354, 1370 (9th Cir.1988), cert. denied, 493 U.S. 1051 (1990). Pursuant to section 2254, a state prisoner must exhaust all state remedies before filing a petition for habeas corpus in federal district court. In order to satisfy the exhaustion requirement, the prisoner must fairly present his or her claims to the state courts, Picard v. Connor, 404 U.S. 270, 275-76 (1971), or demonstrate "that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.1996) (citations omitted). To meet this standard, a state prisoner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-claim was made." Harless, 459 U.S. at 6. (internal citations omitted).
 
 
 7
 Baker did not provide the California Supreme Court with a fair opportunity to review the constitutional theories he presented to the district court. Although he relied on the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment in both his state and federal habeas petitions, Baker advanced three additional theories under these constitutional provisions in federal court that he did not present to the California Supreme Court. While pro se petitions should be construed liberally, Maleng v. Cook, 490 U.S. 488, 493 (1989), even the most liberal construction of Baker's state petition fails to support his contention that these claims "were fairly presented in the earlier state petition." Appellant's Opening Brief at 10.
 
 
 8
 The first disputed claim arises under Ground One of his Proposed Amended Petition in federal court. In Ground One (c), Baker claimed that his Fifth and Fourteenth Amendment rights to due process were violated by, among other actions, "[t]he Board's failure to conduct a fair parole hearing." Baker further argued that his due process rights were violated by the BPT's practice of conducting "pro forma hearings" with "preordained" results and relying on "arbitrary and capricious criteria" and "findings that are supported by unreliable evidence." In state court, Baker premised his due process claim on the theory that the BPT had a "statutory mandate" to set a uniform term and that its authority to deny parole was limited to the initial parole consideration hearing held one year prior to the minimum eligible parole release date. He did not allege in his state habeas petitions that the BPT's practices and procedures violated his due process rights or that its hearings were pro forma and its decisions were supported by unreliable evidence. Since Baker failed to provide the state courts with an opportunity to consider these allegations, this due process claim was unexhausted.
 
 
 9
 In Ground Two (d) and Ground Three (c) of his amended federal petition, Baker alleged that the BPT's politically biased actions violated his Equal Protection and Eighth Amendment rights. In support of both claims, Baker argued that the BPT had failed to act in an "unbiased, and apolitical manner." Baker also alleged that the BPT violated his constitutional rights by "substituting its decisionmaking power in favor of the state governor's demand that this political agenda be carried out by the Board." These alleged violations were not presented to the California Supreme Court. In his state habeas petition, Baker alleged instead that the BPT violated his Equal Protection rights by failing "to release him from prison after serving a uniform term for offenses of similar gravity and magnitude." Similarly, Baker's Eighth Amendment claim in state court was based solely on the theory that he had served "a term which 'exceeds' the maximum range of uniformity." He did not allege that the governor's improper political influence or the BPT's bias in the parole process deprived him of his Equal Protection and Eighth Amendment rights.
 
 
 10
 Baker concedes that "the state habeas petition did not specifically allege that the governor's political agenda affected the Board's decisions." Appellant's Opening Brief at 19. He argues, however, that "the supplemental brief implicitly did so." Appellant's Opening Brief at 19. In the petition he filed with the California Supreme Court, Baker attached a document entitled "Supplemental Facts & Case Ruling to Support Claims of Capricious & Favorable Behavior by (B.P.T.) Board of Prison Terms & Governor Wilson" ("supplemental briefing") and a copy of "Lifers' Column," a column that appeared in the Summer 1992 edition of "The California Prisoner" ("California Prisoner column"). In the supplemental briefing, Baker requested the California Supreme Court "to take judicial notice of the enclosed case recently ruled on by the Board of Prison Terms, which clearly shows and proves the (B.P.T.) favoritism to a few which in itself is a violation of Due Process practitions [sic] under the Fourteenth Amendment." Apparently, Baker was referring to the California Prisoner column which noted that an article in the San Jose Mercury News had "exposed the board's and governor's favoritism in their recent approval of parole for Billy Joe McIlvaine, a former San Gabriel policeman sentenced to life for kidnapping and killing a Hispanic teenager in 1977." The column went on to state that "McIlvaine's parole is in sharp contrast to en masse denials, cancellations and rescissions of paroles involving nearly all other life prisoners."
 
 
 11
 The facts set forth in the supplemental briefing and the California Prisoner column do not support any constitutional theory that Baker advanced in his petition to the California Supreme Court. This material did not present to the California Supreme Court the legal claim that the governor's influence and the BPT's bias violated the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment.
 
 III.
 
 12
 Baker's amended federal petition contained both exhausted and unexhausted claims. "[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). Accordingly, the district court did not err in dismissing the petition for habeas corpus relief.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3