113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Edward LAMBERT, Petitioner-Appellant,
v.
Frank S. THOMPSON, Superintendent, Oregon State
Penitentiary, Respondent-Appellee.
 No. 96-35925.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 7, 1997.
 
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner William Lambert appeals the district court's denial of his section 2254 habeas petition. The district court denied relief on the ground that Lambert failed to exhaust his state remedies and was therefore procedurally barred from pursuing his federal claim on habeas. Lambert contends that, under the doctrines of collateral estoppel and law of the case, the district court improperly relitigated the issue of whether he exhausted his state remedies. We reject this contention, and affirm.
 
 
 3
 Lambert contends that our disposition of his prior habeas petition is the law of the case, and that collateral estoppel principles preclude relitigation of his due process claim. We disagree. In Lambert v. Maass, No. 93-36055, 1994 WL 595175 (9th Cir. Oct. 27, 1994), cert. denied, 115 S.Ct. 1410 (1995), we were considering an appeal from a different habeas petition arising from a different criminal trial which resulted in a conviction on different charges. Thus, law of the case principles do not apply. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1392 (9th Cir.) ("Under law of the case doctrine ... one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case. ") (emphasis added), cert. denied, 116 S.Ct. 407 (1995).
 
 
 4
 Collateral estoppel principles are similarly inapplicable in this situation. To foreclose relitigation of an issue under collateral estoppel, "the issue at stake must be identical to the one alleged in the prior litigation." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). "Similarity between issues does not suffice; collateral estoppel is applied only when the issues are identical." Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1357 (9th Cir.1985) (en banc). The requisite identity of issues is lacking. Accordingly, we conclude that collateral estoppel principles do not apply.
 
 
 5
 Lambert also contends that his argument to the state court that admission of the 1989 rape conviction violated Oregon evidence rules necessarily presents a federal constitutional claim under these circumstances. We disagree. A petitioner must expressly state that he is pressing a federal due process claim in state court if he wishes to pursue that claim subsequently in a federal habeas proceeding. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir.1996). Lambert did not, either expressly or impliedly, raise a federal claim in his state direct appeal regarding the admission of the subsequent rape conviction.
 
 
 6
 Lambert nevertheless argues that it is unfair to apply Duncan 's exhaustion standard to him because, at the time he pursued his direct appeal in state court, he was laboring under the impression that he did not have to recite expressly "the talismanic phrase due process of law" in order to preserve that claim for federal habeas review. We decline to consider this argument because Lambert raises it for the first time in his reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).[1]
 
 
 7
 Finally, Lambert asserts that if the court determines that he failed fairly to present his federal claim to the state court, this case should be remanded to the district court for a determination whether any state remedies remain available. Specifically, Lambert asserts that his failure to present his federal claim in state court cannot constitute procedural default because he has not yet availed himself of state post-conviction relief. We disagree. The failure to exhaust state remedies constitutes a procedural default if it is clear that "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman v. Thompson, 501 U.S. 722, 735 n.* (1991). During the time period relevant to Lambert's case, Oregon law required that a petition for post-conviction relief be filed within 120 days of the date the direct appeal became final. See Or.Rev.Stat. § 138.510(2)(b) (1991). Because the time period for seeking state post-conviction relief has long since passed, Lambert has procedurally defaulted his claims. Lambert has not shown cause or prejudice excusing the default. Accordingly, remand is unnecessary.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nothing justifies Lambert's delaying until his reply brief to raise the issue of Duncan 's retroactive effect. Lambert was fully aware at the time he filed his opening brief that the district court had relied on the new standard imposed by Duncan. Further, this court's opinion in Johnson, which expressly recognized that Duncan rendered the old exhaustion standard no longer viable, was filed more than four months before Lambert filed his opening brief. Thus, Lambert had the opportunity to raise his argument regarding the unfairness of applying Duncan retroactively in his opening brief. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990). Moreover, because Duncan was the basis for the district court's conclusion that Lambert failed to satisfy the exhaustion requirement, the mere fact that the state relied on Duncan in its brief does not suffice to show that the state "raised" the retroactivity issue first. Accordingly, we conclude that Lambert waived his retroactivity argument by failing to raise it in his opening brief