122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orlando GARCIA, Petitioner-Appellant,
v.
David A. GONZALES; Grant Wood, Respondents-Appellees.
 No. 96-17084.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided August 29, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-00174-WDB; William D. Browning, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Orlando Garcia, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it denied his insufficiency of the evidence, instructional error, speedy trial, and ineffective assistance of counsel claims. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 A. Sufficiency of the Evidence
 
 3
 Garcia contends that the evidence was insufficient to sustain a burglary conviction because there was no evidence that Garcia broke the sliding glass door or that Garcia intended to commit a theft once inside. We disagree.
 
 
 4
 Although Garcia argued that he had entered while intoxicated merely for a place to sleep and that he had no intent to steal from premises which previously he had entered lawfully, there was sufficient evidence for the jury to conclude otherwise. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The sliding glass door of the trailer had been broken by a rock and Garcia was found sleeping and drunk on the floor of the trailer with the owner's jewelry box on the floor near his head.
 
 B. Jury Instruction
 
 5
 Garcia contends that the following instruction was unconstitutional:
 
 
 6
 You are instructed that intent to commit a theft may be inferred from entering a building which contains things of value when mode of entry is something more than simply walking into a building through an unlocked door.
 
 
 7
 Because the instruction permitted but did not require the jury to infer intent to commit theft from the forced entry, the inference was permissive rather than mandatory. See Country Court v. Allen, 442 U.S. 140, 157 (1979); see also Hanna v. Riveland, 87 F.3d 1034, 1037 (9th Cir.1996). Permissive inference instructions offend the Constitution "only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Francis v. Franklin, 471 U.S. 307, 316 (1985). Because the inference in this case on these facts did not defy reason or common sense, it was constitutional. See id.
 
 C. Speedy Trial Claim
 
 8
 More than one month before the time limitations of Rule 8 of the Arizona Rules of Criminal Procedure were to expire, the trial court, without objection, set Garcia's trial for nine days beyond that period. Three days after the Rule 8 time limits had expired, counsel filed a notice of "impending" expiration of Rule 8 time limits. At a Rule 8 hearing the next day, counsel informed the court that the Rule 8 time limits had expired earlier that week. When the court asked counsel why he had permitted the trial date to be set beyond the Rule 8 time limitations, counsel stated that he had forgotten that pretrial conferences were no longer held thirty days after arraignment, but instead sixty days after arraignment. The Rule 8 hearing was held on a Thursday. Because no jurors could be called on Friday or Monday, the trial court advised the parties to be prepared for trial on Tuesday. On the day trial was to start, the State moved for a continuance on the ground that it was unable to locate the owner of the trailer who would testify that Garcia did not have permission to enter her trailer. Over Garcia's objection, the trial court set the matter for trial on April 16, 1991, approximately thirty-seven days after the Rule 8 time limits had expired.
 
 
 9
 In state court proceedings, Garcia framed his speedy trial claim not as a federal constitutional issue, but as a violation of Rule 8 of the Arizona Rules of Criminal Procedure. The state courts denied Garcia's Rule 8 claim on its merits. The district court dismissed the claim for failure to state a federal question.
 
 
 10
 Because we are satisfied that any delay attributable to the State did not violate the Sixth Amendment, see Barker v. Wingo, 407 U.S. 514, 530 (1972) (five-year delay between arrest and trial did not violate speedy trial right), we need not decide whether Garcia's state court allegations were sufficient to raise a federal speedy trial claim, cf. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) (exhaustion not satisfied when petitioner failed to "alert" state courts to federal constitutional issue); Johnson v. Zenon, 88 F.3d 828, 829-30 (9th Cir.1996) (federal due process claim not exhausted when petitioner "couched" fair trial claim only in terms of state evidentiary law).
 
 D. Ineffective Assistance of Counsel
 
 11
 Garcia contends that trial counsel was ineffective for failing to raise successfully his speedy trial claim. Even were the claim not barred, we would reject it for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 692 (1984); see also Barker, 407 U.S. at 530.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. The Antiterrorism and Effective Death Penalty Act of 1996 does not apply to this appeal. See Lindh v. Murphy, 117 S.Ct. 2059, 2061 (1997)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3