122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Duane KNIGHT, Petitioner-Appellant,
v.
Theo WHITE, Warden; Dan Lundgren, Respondents-Appellees.
 No. 96-16884.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997. Respondents-Appellees.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-06124-REC(HGB); Robert E. Coyle Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Duane Knight, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for murder, robbery, and kidnapping. We review de novo a district court's dismissal of a habeas corpus petition. See James v. Borg, 24 F.3d 20, 24 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Knight argues that the district erred in dismissing his petition for failure to exhaust state remedies. This contention lacks merit.
 
 
 4
 Generally, a state prisoner must exhaust available state remedies before filing a habeas corpus petition in federal court. See 28 U.S.C. § 2254(b), (c) (1994). In order to satisfy this exhaustion requirement, the petitioner must (1) have "fairly presented" each claim "to the highest state court with jurisdiction to consider it," or (2) show "that no state remedy remains available." See Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.1996) (internal quotations omitted). Fair presentation requires that each claim be presented to the state's highest court in a manner allowing the court to address the claim on the merits. See James, 24 F.3d at 24. If one or more claims in the petition have not been exhausted the district court must dismiss the entire petition. See id.
 
 
 5
 Here, Knight presented his claims to the California Supreme Court, but he did so in a manner that did not allow that court to reach the merits of those claims. Not only was Knight's petition for review untimely, but it was his second petition. The court had already entered a final order denying review after Knight filed his first petition, which raised different issues. For these reasons, the California Supreme Court's rules of procedure did not allow it to address the merits of Knight's claims, and therefore his claims have not been fairly presented. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994) (per curiam) (stating that "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation"). In order to fairly present his claims at this juncture, Knight will have to pursue any available state collateral remedies. See Sweet v. Cupp, 640 F.2d 233, 235 (9th Cir.1981).[1]
 
 
 6
 Accordingly, Knight failed to exhaust his state remedies because he has not fairly presented his claims to the highest California court with jurisdiction to hear them, or demonstrated that no state remedy remains available. See Johnson, 88 F.3d at 829.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his brief, Knight raises two arguments that he raised in his direct appeal to the California Court of Appeal and Supreme Court. Had Knight raised these issues before the district court, which he did not, the district court could not have considered their merits because Knight's other claims are unexhausted. See James v. Borg, 24 F.3d 20, 24 (9th Cir.1994)