Richard R. PARSON, Petitioner— Appellant,

v.

**SAN QUENTIN PRISON WARDEN, Respondent—Appellee.**

No. 05–15562.

D.C. No. CV–04–1414–JW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Richard R. Parson, San Quentin, CA, pro se.

Jeffrey D. Firestone, Charles Austin French, Office of the Attorney General, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

Richard R. Parson, a California state prisoner under sentence of death, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition, without prejudice, for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

In federal district court, Mr. Parson raised two claims: (1) California's mandatory appeal statute for capital cases violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because non-capital California appellants and federal appellants are permitted to waive their appeals; and (2) the California Supreme Court's refusal to allow Mr. Parson to waive his automatic capital appeal violates the United States Constitution's Eighth Amendment ban on cruel and unusual punishment because Mr. Parson is in constant pain due to physical illness.

Concluding that Mr. Parson had not fairly presented his claims to the State's highest court because Mr. Parson's request to dismiss his appeal was sent in a letter which was addressed to a court administrator rather than filed in the California Supreme Court as a motion, the district court dismissed Mr. Parson's petition without prejudice for lack of exhaustion.

We need not decide whether a pro se letter addressed to a state supreme court administrator with the pro se's case name and case number on it satisfies exhaustion.[1] Instead, pursuant to Federal Rule of Evidence 201, we take judicial notice of Mr. Parson's three pro se letters sent to the California Supreme Court dated April 17, 1999, August 10, 1999, and

---

1. *But see Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (claim not fairly presented if presented to state courts by wrong procedure).

"September 9/03",[2] copies of which were sent to this Court by a clerk of the California Supreme Court who stated that these were all of Mr. Parson's pro se letters on file in that Court.[3] In none of those letters did Mr. Parson raise either of the federal constitutional claims that he later presented in federal district court. Consequently, Mr. Parson did not fairly present either of his federal constitutional claims to the state courts. *See Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (exhaustion requires reference to both a *specific* federal constitutional guarantee and a statement of facts entitling petitioner to relief); *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (exhaustion requires petitioners to alert state courts that they are asserting claims under the United States Constitution); *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996) (if petitioner does not alert the state courts to a federal constitutional claim, the claim is unexhausted regardless of its similarity to issues raised in state court).

■ Mr. Parson argues that exhaustion should be excused as futile because the California Supreme Court held in *People v. Massie,* 19 Cal.4th 550, 79 Cal.Rptr.2d 816, 967 P.2d 29 (1998), that California's mandatory capital appeal statute is not subject to waiver. This argument fails for two reasons. One, as the California Supreme Court in *Massie* never decided federal equal protection or Eighth Amendment challenges to California's mandatory capital appeal statute, exhaustion of Mr. Parson's state remedies would not be futile. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (the exhaustion doctrine is designed to give state courts the first opportunity to pass upon alleged violations of state prisoners' federal rights). Two, even if the California Supreme Court has previously rejected the same federal constitutional challenges in other cases involving different petitioners, Mr. Parson would still be required to exhaust his state remedies. *See Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (rejecting futility argument because state courts may reconsider previous holdings).

The district court's judgment, dismissing Mr. Parson's petition without prejudice for failure to exhaust, is AFFIRMED.

---

**2.** Mr. Parson's April 17, 1999 pro se letter inquires as to whether Mr. Parson may represent himself on appeal or on habeas. Mr. Parson's August 10, 1999 pro se letter requests that counsel be appointed as soon as possible because of Mr. Parson's poor health. Mr. Parson's "September 9/03" letter, addressed to the California Supreme Court's automatic appeals supervisor, does request the "withdraw of my appeal rights" in case number S056765, but does not refer to any of Mr. Parson's health problems. Not one of these letters raises any federal constitutional claim.

**3.** In district court, Mr. Parson alleged that in 2003 he submitted a "motion effort" to the Chief Judge of the California Supreme Court "describing the substance and constitutional claims in law why his health problems warranted the dismissal of his appeal." A clerk of the California Supreme Court sent this court all of Mr. Parson's pro se letters on file in that Court. All three of those letters are addressed to clerks or administrators at the California Supreme Court; not one is addressed to the Chief Judge of the California Supreme Court. Mr. Parson has not provided this Court nor the district court with a copy of any letter to the Chief Judge of the California Supreme Court.