**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA A. PINKSTON, | No. 11-15993 |
| Petitioner - Appellee, | D.C. No. 2:07-cv-01305-KJD-LRL |
| v. | |
| SHERYL FOSTER; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted July 20, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

The District Court granted Barbara Pinkston's petition for a writ of habeas

corpus under 28 U.S.C. § 2254, based on Ground Three of her petition. The State

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of Nevada appeals. We reverse the district court's judgment and remand the case for consideration of Pinkston's remaining claims.

A petitioner generally must exhaust available state remedies before a federal court may hear her habeas petition. 28 U.S.C. § 2254(b); *see Smith v. Baldwin*, 510 F.3d 1127, 1137-38 (9th Cir. 2007) (en banc). Pinkston did not present the Nevada Supreme Court with the opportunity to decide her claim that the lack of distinction between premeditation and deliberation in the jury instructions violated her federal due process rights. Her direct appeal to that court on this instructional issue alleged only a violation of state due process. Her state habeas petition argued that appellate counsel's failure to federalize the jury instruction claim and failure to seek rehearing after *Byford v. State*, 994 P.2d 700 (Nev. 2000), constituted ineffective assistance of counsel.

Nonetheless, her claim is now technically exhausted because no state remedies remain available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). If Pinkston were to file for relief in state court, her claim would be denied as untimely under well-established and consistently-applied Nevada state law.[1] *See*

---

[1] The state argues that the Nevada Supreme Court's decision in *Nika v. State*, 198 P.3d 839 (Nev. 2008), reopened the state courts for one year to hear Pinkston's claim. Regardless of whether or not we agree, over a year has passed since *Nika*, and any return to state court at this point would be untimely.

Nev. Rev. Stat. § 34.726(1) (requiring that post-conviction petitions be filed within one year of the later of the entry of the judgment of conviction or the remittitur from the state Supreme Court after an appeal).

When a federal habeas petitioner is procedurally barred from presenting her claim in state court, as Pinkston is here, we consider the claim procedurally defaulted for purposes of federal habeas review. *See Baldwin*, 510 F.3d at 1138. A federal court can consider a procedurally-defaulted claim only if the petitioner demonstrates cause for the default and prejudice resulting from the alleged violation of federal law or establishes that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Pinkston can show neither.

Pinkston argues that she can demonstrate cause and prejudice by means of ineffective assistance of counsel, because her counsel on direct appeal did not claim that the use of the *Kazalyn* instruction violated Pinkston's federal due process rights. *See Kazalyn v. State*, 825 P.2d 578 (Nev. 1992); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that ineffective assistance of counsel can be cause for procedural default). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a defendant's right to counsel is violated if (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. To meet this

3

test, the defendant must show that counsel's performance "fell below an objective standard of reasonableness . . . under prevailing professional norms," *id.* at 688, and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *id.* at 687.

The Nevada Supreme Court ruled on Pinkston's ineffective assistance of counsel claim in her state post-conviction appeal. The court was not persuaded that appellate counsel's failure to federalize the jury instruction claim and failure to seek rehearing after *Byford* rendered counsel ineffective.

> [T]he evidence supporting Pinkston's first-degree murder charge was significant, as described above. Pinkston's trial counsel adequately argued that the evidence did not indicate premeditation and deliberation. Pinkston failed to show a reasonable probability that we might have decided this issue differently had counsel argued it the way she now claims he should have.

We review Pinkston's ineffective assistance of counsel claim de novo because both parties assumed the application of this standard, the issue was not briefed, and Pinkston's claim fails on even de novo review.

The district court found ineffective assistance of counsel on the basis of our decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007). It concluded that Pinkston's claim would have been a winning issue on federal habeas review because, as *Polk* held, the *Kazalyn* instruction violated federal due process. Our

4

decision in *Babb v. Lozowsky*, No. 11-16784, 2013 WL 136033, at *5, (9th Cir. Jan. 11, 2013), however, recognizes that *Polk* has been abrogated by the Nevada Supreme Court's holding in *Nika v. State*, 198 P.3d 839 (Nev. 2008). In *Nika*, the Nevada Supreme Court explained that *Byford* was a change in state law, rather than a clarification, as the *Polk* court had assumed. *Id.* at 849. The holding in *Polk* that the *Kazalyn* instruction violated federal due process no longer dictates a finding that the claim would have won on these grounds. *Babb*, No. 11-16784 at *6.

There is no established federal law requiring a state to construe willfulness, premeditation, and deliberation as three separate elements of murder, in line with *Byford*, as distinguished from one element of mens rea, as in *Kazalyn*. *See Babb*, No. 11-16784 at *7. The instruction did not violate Pinkston's federal due process rights at the time the instruction was given at Pinkston's trial. That remained true when the briefs were filed in Pinkston's appeal. It was not deficient performance for her appellate counsel not to argue what was, at the time, a losing proposition. *See Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001) (failure to raise a weak issue on appeal did not constitute ineffective assistance of counsel); *Miller v. Kenney*, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (same).

To be sure, if Pinkston's counsel had alleged that the instruction violated Pinkston's federal due process rights, her claim would have presumably been

5

exhausted in state court and we could reach the merits here. Our decision in *Babb* makes clear that the failure to apply the *Byford* instruction to cases that were not final at the time *Byford* was decided violates a defendant's federal due process rights. *See Babb*, No. 11-16784 at \*9-10 (citing *Bunkley v. Florida*, 538 U.S. 835 (2003), and *Griffith v. Kentucky*, 479 U.S. 314 (1987)). Were we to reach the merits, we could apply our holding in *Babb* that the failure to apply the *Byford* instruction to a pending case was, in fact, a violation of federal due process, though for reasons different than those articulated by the *Polk* court. Thus, the failure to federalize the claim could have prejudiced Pinkston, unless the error was held to be harmless.

Nonetheless, we cannot conclude that counsel's failure to federalize a state claim, when the state claim itself was not a winning one at the time the appeal was taken, was deficient performance under *Strickland*. This is particularly true when the underlying basis for the potentially-successful claim—the failure to apply *Byford* to a pending case violated federal due process—differs from what the basis for the original federalized claim would have been—the *Kazalyn* instruction violated federal due process even prior to *Byford*. Counsel is not required to anticipate that state law may change and that state courts will fail to apply that change appropriately such that the defendant will have to seek a remedy through

6

federal habeas proceedings. Because she cannot show her appellate counsel's performance was deficient under the *Strickland* standard, Pinkston's attempt to assert cause on the basis of ineffective assistance of counsel fails.

We also cannot say that counsel's failure to seek rehearing after *Byford* rose to the level of deficiency required under *Strickland*. The Nevada Supreme Court decided Pinkston's direct appeal just days after it issued its opinion in *Byford*. Pinkston's direct appeal clearly raised the instructional issue as a matter of state law, and the Supreme Court summarily dismissed that claim as one of many that "lack merit or need not be addressed." While it may have been prudent thereafter to ask the Nevada Supreme Court to apply *Byford* explicitly to Pinkston's case, it was not unreasonable for counsel to have inferred from that court's previous decision that such action would be futile and that the change in instruction would make no difference before that court. The Nevada Supreme Court subsequently confirmed that this was its position when it denied Pinkston's ineffective assistance of counsel claim on post-conviction review.

Pinkston offers no other argument for cause to overcome the default, nor does she contend that failure to consider the petition would result in a fundamental miscarriage of justice. We hold that Ground Three of her petition is procedurally defaulted and therefore do not reach the merits of that claim. We reverse the

district court's judgment and remand for further consideration of the remaining grounds of Pinkston's petition.

**REVERSED and REMANDED.**