
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD ALLEN WALKER,

Petitioner-Appellant,

v.

DWIGHT NEVIN,

Respondent-Appellee.

No. 18-16240

D.C. No.
2:13-cv-01099-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 11, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Richard Allen Walker ("Walker") appeals the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. Because the parties are familiar

with the facts, we need not recount them here. We review de novo a district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's denial of federal habeas relief. *Kayer v. Ryan*, 923 F.3d 692, 700 (9th Cir. 2019). We review de novo the district court's determination that a habeas petitioner failed to exhaust his habeas claim in state court. *Chambers v. McDaniel*, 549 F.3d 1191, 1195 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 2253, and we affirm in part, reverse in part, and remand.

1.       The district court erred in holding that Walker failed to exhaust his claim relating to the trial court's exclusion of his co-defendant's statements. To satisfy the exhaustion requirement, Walker "needed to apprise [Nevada] that he was making a claim under the U.S. Constitution" by "either referenc[ing] specific provisions of the federal constitution or cit[ing] to federal or state cases involving the legal standard for a federal constitutional violation." *Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005).

In his opening brief to the Nevada Supreme Court in state post-conviction proceedings, Walker asserted violations under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, cited and discussed multiple U.S. Supreme Court cases relating to "the scope of the constitutional right to present a defense," and argued that the trial court's exclusion of his co-defendant's statements "prevented [him] from putting on any defense." Walker thus exhausted this claim before the Nevada Supreme Court. We remand to the district court for

2

further consideration of this claim on the merits, including whether the claim is procedurally defaulted. *See Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996).

2. The district court properly denied Walker's claim that the state trial court violated his constitutional rights by refusing to remove four prospective jurors for cause, causing Walker to exercise peremptory strikes that he would have used against members of the final jury. We can grant relief only if the last reasoned state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). If the state court erred in this manner, we consider the constitutional claim de novo. *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

The district court did not err in rejecting this claim. The district court properly held that the Nevada Supreme Court's finding that the views of Juror #157 would not "prevent or substantially impair the performance of [her] duties as a juror" may have been unreasonable in light of the record evidence. Juror #157 repeatedly and unequivocally stated that she would not consider imposing a sentence of life with parole for someone convicted of first degree murder, except in

3

one narrow circumstance not applicable to Walker's case, such that she should have been excused for cause. *See Morgan v. Illinois*, 504 U.S. 719, 729 (1992).

Further, the district court properly concluded that, even if the trial court incorrectly refused to excuse Juror #157 for cause, Walker was "subsequently convicted by a jury on which no biased juror sat, [such that] he has not been deprived of any . . . constitutional right." *United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000); *see also Rivera v. Illinois*, 556 U.S. 148, 157 (2009) ("If a defendant is tried before a qualified jury composed of individuals not challengeable for cause, the loss of a peremptory challenge due to a state court's good-faith error is not a matter of federal constitutional concern."). We affirm the district court's denial of this claim.

3. We decline Walker's request to expand the certificate of appealability to include his claim relating to the State's use of peremptory strikes against potential female jurors.

Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**