**Michael M. CORJASSO, III,**
**Petitioner—Appellant,**

v.

**Robert L. AYERS, Warden; Attorney General of the State of California,**
**Respondents—Appellees.**

**No. 03–17204.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 15, 2004.

Before: REINHARDT, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Michael Corjasso contends that he was denied his constitutional right to due process when a client of the prosecutor's law firm was allowed to serve on his jury and that his counsel was ineffective in failing to challenge the juror for cause.[1]

### I.

Corjasso's counsel was made aware of the juror's relationship with the prosecutor's firm and had the opportunity on at least two occasions to challenge her participation in the trial. Counsel was also informed by the trial judge that there was a state statute which may provide cause to object to the juror's presence on the jury. Although counsel's failure to object to the juror may support an ineffective assistance claim, it was, under all of the circumstances, not objectively unreasonable for the California Supreme Court to determine that any unobjected-to implied juror bias resulting from the imputed relationship between the prosecutor and the juror did not violate Corjasso's due process rights in contravention of clearly established Supreme Court law.[2] *Lockyer v. Andrade,* 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

### II.

There is a material dispute as to whether counsel consulted with Corjasso about allowing the juror who was represented by the prosecutor's law firm to serve. Indeed, the record is barren as to why counsel failed to challenge the juror when he was advised of the conflict and the purported statutory right to challenge. Despite Corjasso's request, the state court failed to hold an evidentiary hearing on the ineffectiveness claim. He is now entitled to an evidentiary hearing in the district court to resolve the substantial issues of fact. *See Beaty v. Stewart,* 303 F.3d 975, 993 (9th Cir.2002), *cert. denied,* 538 U.S. 1053, 123 S.Ct. 2073, 155 L.Ed.2d 1098 (2003); 28 U.S.C. § 2254(e)(2).

### III.

The district court's denial of Corjasso's due process claim is affirmed. The state court's denial of the claim was not objectively unreasonable. The district court's denial of the ineffective assistance claim is reversed and remanded with instructions that Corjasso be provided with an evidentiary hearing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

2. The record is unclear whether the juror intended to deceive the court or was simply confused about her relationship with the prosecutor's law firm. The juror's relationship with the firm was far from substantial. One of the prosecutor's partners represented the juror in a couple of small claims matters, the last of which was nearly a year before Corjasso's trial. During trial, the juror called the prosecutor's firm with a question about her deceased father-in-law's high school transcript. The prosecutor's partner briefly returned the call and alerted the prosecutor to their discussion. Unfortunately, the juror at the center of this claim is now deceased and unable to shed any further light upon this matter.

849

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.