**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VINCENT L. FIELDS,
            *Petitioner-Appellant,*

v.

DOUG WADDINGTON,
            *Respondent-Appellee.*

No. 04-35169

D.C. No.
CV-03-01211-TSZ

OPINION

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted
January 10, 2005—Seattle, Washington

Filed March 21, 2005

Before: Mary M. Schroeder, Chief Judge, Susan P. Graber,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Suzanne Lee Elliott, Seattle, Washington, for the petitioner-appellant.

Ronda D. Larson, Assistant Attorney General, Criminal Justice Division, for the respondent-appellee.

## OPINION

GRABER, Circuit Judge:

The district court dismissed a petition for a writ of habeas corpus for failure to exhaust state court remedies in Washington. The main question before us is whether, in Washington, briefing a state constitutional claim alerts the state court that it is called on to decide an independent and parallel federal constitutional claim, even in the absence of a Washington

case holding expressly that the two claims are substantively identical. We answer that question "no" and, therefore, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 1994, Scott Holm was murdered. Two days later, Petitioner Vincent Fields charged more than $2,000 on Holm's credit cards. Petitioner was charged with second-degree murder, second-degree theft, and drug-related crimes. A jury found him guilty on all counts. The Washington Court of Appeals affirmed the theft and drug convictions but reversed his second-degree murder conviction due to an erroneous jury instruction. At a second trial, a jury again found Petitioner guilty of second-degree murder.

Petitioner, acting pro se, filed a Personal Restraint Petition ("PRP") in state court challenging the constitutionality of his second trial on several grounds.[1] Only three of those grounds are at issue in this appeal. As now relevant, Petitioner claimed that the trial court erred in (1) failing to furnish him with a personal copy of the second amended information,[2] (2) allowing the prosecution to impeach him with a prior conviction not charged in the second amended information, and (3) failing to credit against his sentence the time Petitioner had spent in jail between his first conviction, which was later overturned, and his second conviction. The Washington Supreme Court corrected the amount of a fine but otherwise dismissed Petitioner's PRP.

Petitioner filed a timely petition for a writ of habeas corpus in federal district court, challenging only his second-degree murder conviction. He raised nine claims for relief. The dis-

---

[1]Petitioner filed a total of six PRPs in Washington state courts. The fourth PRP that Petitioner filed is the one at issue in this case, so we refer only to Petitioner's fourth PRP.

[2]Petitioner's counsel, however, was provided two copies of the amended information.

trict court reviewed, and denied on the merits, three of Petitioner's claims. The remaining six claims, including the three at issue here, the court dismissed as unexhausted or procedurally barred. Accordingly, the court denied the petition.

Petitioner timely appealed and has a certificate of appealability on one question: whether he properly exhausted the claims that the district court held were unexhausted. Petitioner concedes that all but three of his claims were not exhausted; as to those three, which we have described, he contends that he fairly presented his federal claims to the Washington courts and, therefore, that the district court should have reviewed those claims on the merits.

## STANDARD OF REVIEW

We review de novo a district court's denial of a writ of habeas corpus for failure to exhaust. *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir. 2003). This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996. Consequently, we may grant relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

**[1]** We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies. *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"). To satisfy the

exhaustion requirement, he had to "fairly present" the federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Baldwin v. Reese*, 124 S. Ct. 1347, 1351 (2004) (holding that, ordinarily, for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief). Petitioner fairly presented federal claims only if he alerted the state court that his claims rested on the federal Constitution. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when the petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (holding that state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law or provisions from the federal constitution or statutes), *amended*, 247 F.3d 904 (9th Cir. 2001); *Peterson v. Lampert*, 319 F.3d 1153, 1157-58 (9th Cir. 2003) (en banc) (holding that a citation to a state court case that provides a federal analysis can "serve[ ] the same purpose as a federal case analyzing such an issue").

[2] A habeas petition from a state prisoner, like Petitioner, who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel. *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), *cert. denied*, 124 S. Ct. 1661 (2004); *Peterson*, 319 F.3d at 1159. With those standards in mind, we readily conclude that, even viewing Petitioner's pro se PRP under the more lenient standard, it did not alert the state court to his federal claims.

1.  *Failure to Provide Petitioner with a Personal Copy of the Second Amended Information*

In his federal habeas petition, Petitioner contends that the trial court violated both his federal Sixth Amendment right to be informed of the charges against him and his federal Fourteenth Amendment right to due process, by failing to either provide him personally with a copy of the second amended information—even though his counsel had the information—or read the information aloud to him in court.

**[3]** Petitioner's briefing to the state court mentioned the "federal Constitution" twice, and "due process" once, but discussed an applicable provision of the state constitution throughout the remainder of the argument. Petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim. *See Castillo v. McFadden*, No. 03-15715, 2005 WL 427893, at *8 (9th Cir. Feb. 24, 2005) (holding that exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory). Nor is a federal claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process. *See Hiivala*, 195 F.3d at 1106 (holding that "general appeals to broad constitutional principles, such as *due process*, equal protection, and the right to a fair trial, are insufficient to establish exhaustion" (emphasis added)).

**[4]** Petitioner's state court brief cited only state law cases, with one exception: *Jones v. Barnes*, 463 U.S. 745 (1983). There the Supreme Court held that appointed counsel need not raise every colorable claim suggested by a client. *Id.* at 754. *Jones* bears no relation to Petitioner's argument that his constitutional rights (either state or federal) were violated when the trial court failed to provide him with a personal copy of the amended information. The citation to *Jones* did not exhaust this federal claim because "[c]itation of irrelevant

federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo*, 2005 WL 427893, at *7 (internal quotation marks omitted).

## 2. *Impeachment of Petitioner with Prior Conviction Not Charged in Second Amended Information*

Petitioner's federal habeas petition next asserts that the trial court erred by allowing the prosecution to impeach him with a prior conviction that was not charged in the second amended information.

**[5]** Petitioner's PRP briefing for this claim provided even fewer references to federal constitutional law than his previous claim. He used the term "fair trial" twice and the term "due process" once. But, as we have said, merely mentioning broad constitutional principles in passing does not suffice to exhaust federal claims. *Hiivala*, 195 F.3d at 1106.

## 3. *Failure to Credit Jail-Time and Good-Time*

Finally, in his federal habeas petition, Petitioner argues that the state trial court failed to give him proper sentencing credit for the time he spent in jail between his first and second convictions for second-degree murder.

Petitioner's PRP briefing for this claim cited no federal case and made no mention, even obliquely, of the federal Constitution. Petitioner contends that he fairly presented a federal due process claim by citing *State v. Phelan*, 671 P.2d 1212 (Wash. 1983), a state court decision that reviewed the petitioner's claims under both state and federal law. When a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim. *See Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004) ("For a federal issue to be presented by the citation of

a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.").

**[6]** Perhaps recognizing the difficulty of meeting the usual standard for fairly presenting a claim, Petitioner argues in the alternative that, under Washington law, due process protections are "largely coextensive" with federal due process protections. Accordingly, by raising state due process claims, he contends, he simultaneously raised federal ones. The Supreme Court has left open the question whether raising a state claim that is "identical" to a federal claim suffices to fairly present the federal claim. *Baldwin*, 124 S. Ct. at 1352. But raising a state claim that is merely *similar* to a federal claim does not exhaust state remedies. *See Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (holding that a petitioner does not raise federal claims by implication when raising state claims even if the two are "essentially the same"); *Duncan*, 513 U.S. at 366 (holding that "mere similarity of claims is insufficient to exhaust").

**[7]** Even if we were to assume that raising identical state and federal claims satisfied exhaustion requirements, Petitioner would not have exhausted his state court remedies because he failed to show that his claims would be treated identically. In *some* circumstances, the Washington Supreme Court treats due process rights under the federal and state constitutions as coextensive. *See, e.g.*, *In re Matheson*, 12 P.3d 585, 591 (Wash. 2000) (concluding that state and federal due process claims are the same in the context of an inmate's right to receive a pre-transfer hearing). But Petitioner must show that the Washington state courts treat *his particular claimed due process violations* identically under both the state and federal constitutions. *See Howell v. Mississippi*, 125 S. Ct. 856, 859 (2005) (per curiam) (looking to state case law to see whether the state courts have treated a claimed constitutional violation regarding a jury instruction under state law *identically* to its treatment under the federal Constitution). Peti-

tioner has failed to cite Washington cases that apply state and federal due process protections identically in the contexts of the claims he raised, and we are aware of none. *See Casey*, 386 F.3d at 914 n.15 (refusing to reach the question whether the petitioner had raised a federal due process claim because he failed to cite cases holding that his Washington and federal claims were identical).

Despite the absence of Washington cases directly on point, Petitioner has a novel theory to explain why, in his view, the Washington courts were alerted to the presence of his federal claims and why his state and federal constitutional claims are identical. To understand his theory, we must turn to Washington law.

[8] In *State v. Gunwall*, 720 P.2d 808, 811 (Wash. 1986), the Washington Supreme Court listed several nonexclusive criteria that a litigant should address when asking the court to extend broader rights under the state constitution than those afforded under the federal constitution.[3] The purpose of this requirement is to provide a "principled basis" for the development of Washington's state constitutional jurisprudence. *Id.* at 812. When a litigant fails to brief the so-called *Gunwall* factors, Washington state courts assume that the litigant is not asserting a claim for broader constitutional protection under the state constitution and, consequently, apply federal constitutional principles to analyze the claim.[4] There is no indica-

---

[3]The *Gunwall* court articulated these six criteria: (1) the text of the state constitution; (2) significant differences in the text of parallel provisions of the federal and state constitutions; (3) state constitutional and common law history; (4) preexisting state law; (5) differences in structure between the federal and state constitutions; and (6) matters of particular state interest or local concern. 720 P.2d at 811.

[4]*See, e.g.*, *In re Marriage of Suggs*, 93 P.3d 161, 164 (Wash. 2004) ("Where, as here, the parties failed to brief the *Gunwall* factors, this court will not consider a claim that our state constitution affords greater protection."); *State v. Fire*, 34 P.3d 1218, 1224 (Wash. 2001) ("If the party has not engaged in *Gunwall* analysis, this court will consider his claim only

tion, however, that Washington applies the *Gunwall* rule to assess whether a state court prisoner has exhausted federal claims in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting that the purpose of the exhaustion requirement is to ensure that a state prisoner gives the state courts an opportunity to act on claims before they are presented to a federal court in a habeas petition).

**[9]** Petitioner's PRP briefing did not discuss the *Gunwall* factors. Therefore, he reasons, the state court must have applied the *Gunwall* "default" rule and decided his claims under federal law. But a petitioner's failure to brief the *Gunwall* factors does not affirmatively raise federal claims for the purpose of exhaustion; to the contrary, it merely guides the state court in reviewing *state-law* claims. *See id.* at 813 (noting that the *Gunwall* criteria will provide courts with a "reasonable and reasoned" means for assessing a claim that *state constitutional protections* extend beyond analogous federal ones). In other words, the absence of *Gunwall* briefing means only that the Washington courts will—until some litigant persuades the Washington Supreme Court to the contrary—analyze a provision of the state constitution under analogous federal principles. We have found no Washington case suggesting that a Washington court in that circumstance considers the petitioner to have raised an independent federal claim for the purpose of exhaustion. *See Duncan*, 513 U.S. at 366 ("If a habeas petitioner wishes to claim that [an action by] a

---

under federal constitutional law."); *State v. Sullivan*, 19 P.3d 1012, 1022 n.73 (Wash. 2001) ("Respondent has not engaged in an analysis of [*Gunwall*] . . . . Accordingly, we will only consider his due process claim under federal constitutional law."); *Tellevik v. 31641 W. Rutherford St.*, 838 P.2d 111, 115-16 (Wash. 1992) ("This court has declined to address independent state constitutional grounds when they have not been thoroughly briefed and discussed. Because the defendants have not addressed the *Gunwall* factors, we only address whether the procedure used meets federal constitutional standards.") (internal citations and quotation marks omitted).

state trial court [violated one of his federal constitutional rights] *he must say so*, not only in federal court, but in state court." (emphasis added)); *cf. Baldwin*, 124 S. Ct. at 1351 (noting that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal' ").

[10] In the absence of an affirmative statement by the Washington Supreme Court that it considers a particular state and federal constitutional claim to be *identical*, rather than *analogous*, or an affirmative statement by the Washington Supreme Court that failure to raise the *Gunwall* factors serves to raise federal claims for the purposes of exhaustion, Petitioner was required to raise his federal claims affirmatively; we will not infer that federal claims have been exhausted. Accordingly, Petitioner's failure to address *Gunwall* in his PRP briefing does not avail him.

[11] We conclude that Petitioner did not raise any of his three federal claims in his PRP briefing and, consequently, did not exhaust his state court remedies.

AFFIRMED.