**Jerry FULLEYLOVE, Petitioner–
Appellant,**

v.

**A.J. SANTOS, Respondent–Appellee.**

**No. 05–35422.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2006.*

Decided March 16, 2006.

Francesca Freccero, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Jerry Fulleylove appeals the district court's dismissal of his habeas corpus petition. The district court determined that Fulleylove had procedurally defaulted his claim of ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. We affirm.

Before seeking federal habeas corpus relief, Fulleylove was required to fairly present his federal ineffective assistance of counsel claims to the state appellate courts. *See Peterson v. Lampert,* 319 F.3d 1153, 1155—56 (9th Cir.2003) (en banc). That required him to alert those courts to the fact that he was making a federal claim. *See Fields v. Waddington,* 401 F.3d 1018, 1020—21 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005); *Galvan v. Alaska Dep't of Corr.,* 397 F.3d 1198, 1204—05 (9th Cir.2005); *Casey v. Moore,* 386 F.3d 896, 912 n. 13 (9th Cir.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 2975, 162 L.Ed.2d 899 (2005). And in that respect, he could not expect the state courts to look beyond the brief and petition he filed with them. *See Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64

(2004); *Castillo v. McFadden,* 399 F.3d 993, 999—1000 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005).

Fulleylove did not come close to meeting those standards. He presented his ineffective assistance of counsel claims to the Oregon appellate courts on the state constitutional issue alone. In fact, federal ineffective assistance of counsel law was mentioned for the sole purpose of eschewing its application and insisting that the trial court had erred when it failed to apply the more lenient state standards. That did not constitute fair presentation of a federal claim.

Because Fulleylove did not fairly present his claim, and it is now too late for him to do so,[1] the district court did not err when it determined that his claim was procedurally defaulted. *See Peterson,* 319 F.3d at 1156.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* Or.Rev.Stat. §§ 138.510(3), 138.650.