Dewey J. JAMES, Petitioner—Appellant,

v.

Jean HILL, Respondent—Appellee.

No. 05–35284.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2006.*

Decided March 20, 2006.

Ruben L. Iniguez, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

Petitioner Dewey James ("James") appeals the district court's dismissal of his petition for writ of habeas corpus, arguing that the district court erred in finding that his ineffective assistance of counsel claims had not been properly exhausted. Be-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

cause the parties are familiar with the facts, we do not recite them in detail. We affirm.

We review *de novo* a district court's denial of a writ of habeas corpus for failure to exhaust state court remedies. *Fields v. Waddington,* 401 F.3d 1018, 1020 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005). Federal courts may not grant a writ of habeas corpus unless the state prisoner has exhausted state court remedies. *See id.* (holding that a petitioner must fairly present his federal claims to the state court in order to satisfy the exhaustion requirement). A petitioner fairly presents federal claims only if he alerts the state court that his claims rest on the Federal Constitution. *Id.* at 1020–21.

Citation to a state court case analyzing a federal constitutional issue can serve this purpose. *See id.* at 1021. If the state case discusses both state and federal issues relevant to the petitioner's claim, however, the citation to that case "must be accompanied by some clear indication that the case involves federal issues." *Casey v. Moore,* 386 F.3d 896, 912 n. 13 (9th Cir. 2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 2975, 162 L.Ed.2d 899 (2005). This requirement applies even if the prisoner filed his state habeas petition *pro se. See Fields,* 401 F.3d at 1021–22.

In this case, James' brief to the Oregon Court of Appeals and his petition for review to the Oregon Supreme Court each made a single passing reference to *Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458 (1981). That case analyzed the right to effective assistance of counsel under both the Oregon Constitution and the Federal Constitution. *Id.* at 461–62. James' briefs to the state appellate courts, howev-

er, made no explicit mention of the Federal Constitution or otherwise indicated that federal claims were being raised. Because James merely cited to *Krummacher,* without clearly indicating that he was raising federal claims of ineffective assistance of counsel, he did not fairly present the federal claims to the Oregon state courts. *See Fields,* 401 F.3d at 1022; *Casey,* 386 F.3d at 912 n. 13.

Accordingly, the district court's dismissal of James' federal habeas petition is **AFFIRMED**.