**John Wesley HEIDEN, Petitioner—Appellant,**

v.

**Ernest J. TRUJILLO; Arizona Attorney General, Respondents—Appellees.**

No. 05–16363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 3, 2006.

** The Honorable Robert J. Timlin, Senior Judge, United States District Court for the Central District of California, sitting by designation.

Robert Bartels, Esq., Asu Law School Clinic, Arizona State University College of Law, Tempe, AZ, for Petitioner–Appellant.

Karla Hotis Delord, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: THOMPSON and CALLAHAN, Circuit Judges, and MILLER,* District Judge.

### MEMORANDUM **

John Wesley Heiden, an Arizona state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for multiple counts of sexual contact with a minor. Heiden contends that the state trial court violated his federal due process right to fully present a defense by excluding expert testimony regarding the reliability of his confession. We disagree.

In his direct appeal from the Arizona trial court, Heiden did not explicitly refer to federal due process, cite the United States Constitution, or cite any cases directly addressing federal due process. Ordinarily this would render the federal due process claim unexhausted, and bar us from considering it on habeas review. *See*

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir.2005).

In *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), however, the United States Supreme Court left open the possibility that raising a state constitutional claim may exhaust the corresponding federal constitutional claim where the standards for deciding the two are identical. *See Casey v. Moore,* 386 F.3d 896, 914 (9th Cir.2004). Heiden argues that we must now decide that open issue, because the Arizona and federal due process standards are identical.

It is Heiden's burden to prove that the state and federal standards are identical for his particular alleged due process violation. *See Fields,* 401 F.3d at 1022–24 ("In the absence of an affirmative statement by the [state] Supreme Court that it considers a particular state and federal constitutional claim to be *identical* rather than *analogous* ... Petitioner was required to raise his federal claims affirmatively; we will not infer that the federal claims have been exhausted." (emphasis in original)).

Heiden provides no affirmative statement from the Arizona Supreme Court that the state and federal standards for evaluating the due process right to fully present a defense are identical. He cites two cases (only one from the Arizona Supreme Court) suggesting that the federal and Arizona due process clauses are analogous. *See State v. Melendez,* 172 Ariz. 68, 71, 834 P.2d 154 (Ariz.1992) ("The touchstone of due process under both the Arizona and federal constitutions is fundamental fairness."); *see also State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 236, 836 P.2d 445 (Ariz.Ct.App.1992) (stating that Arizona's due process "guarantee is congruent with the U.S. Constitution, amendments 5 and 14"). He cites one Arizona Court of Appeals opinion stating that the federal and state due process

clauses are identical, but the opinion was later vacated by the Arizona Supreme Court. *See State v. Herrera–Rodriguez,* 164 Ariz. 49, 52, 790 P.2d 747 (Ariz.Ct.App. 1989) (describing the clauses as "coterminous"), *judgment affirmed, opinion vacated by State v. Youngblood,* 173 Ariz. 502, 508, 844 P.2d 1152 (Ariz.1993).

In fact, the federal and state standards for determining whether a defendant received his due process right to fully present a defense appear to differ. In his briefs, Heiden acknowledges that the federal standard turns on two factors: To constitute a due process violation, the excluded evidence must have been (1) reliable, and (2) critical to the defensive theory. *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); *Chambers v. Mississippi,* 410 U.S. 284, 291, 300–01, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). By contrast, the Arizona standard seems to turn on one factor alone: The excluded evidence must be critical to the defensive theory. *State v. Gonzales,* 140 Ariz. 349, 351, 681 P.2d 1368 (Ariz.1984).

■ In light of this facial difference, and absent any affirmative statement of identicalness from the Arizona Supreme Court, Heiden has failed to prove that the Arizona standard for determining whether a defendant received his due process right to fully present a defense is identical to the federal standard. We therefore need not address the issue left open in *Baldwin,* and instead conclude that Heiden failed to exhaust his federal due process claim in state court by not explicitly raising it there. *See Casey,* 386 F.3d at 918.

■ Even if Heiden's federal due process claim were properly before us, which it is not, it would fail on its merits. We are required by 28 U.S.C. § 2254(d), as revised by the 1996 Anti–Terrorism and Effective Death Penalty Act, to deny a

state prisoner's federal habeas petition unless the state courts' decision "(1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003) (quoting 28 U.S.C. § 2254(d)).

Heiden cites *Crane* and *Chambers* to support his argument that the trial court violated his federal due process rights by excluding expert testimony bearing on his confession. Although these cases establish that the excluded evidence must have been reliable (and critical to the defense), neither case addresses expert testimony or how to assess its reliability. The trial judge enunciated several reasons to doubt the reliability of Heiden's expert's testimony, including that the expert was not present during the confession, had not viewed the available videotape of the confession, and had never directly spoken to the participants.

Given the lack of guidance from *Chambers* and *Crane,* we cannot say that Heiden's expert testimony was reliable enough, for due process purposes, that its exclusion deprived Heiden of the claimed right to fully present a defense. The district court's decision to exclude the testimony was neither an unreasonable application of clearly established federal law as determined by the Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented in the Arizona proceedings.

**AFFIRMED.**