**William ROPER, Petitioner—Appellant,**

v.

**ATTORNEY GENERAL STATE OF NEVADA; et al., Respondents—Appellees.**

**No. 06–15297.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 16, 2007.

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant/Respondent–Appellee.

Thom Gover, Conrad Hafen, Esq., AGNV–Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY *, Senior Judge.

## MEMORANDUM **

William Roper appeals from the district court's order denying his petition for a writ of habeas corpus on the merits.[1] As to the one claim certified for appeal, Ground 2(C), Mr. Roper contends that he is entitled to relief because he received ineffective assistance of counsel. The Government argues that the district court erred in reaching the merits of Ground 2(C). It contends that Ground 2(C) is unexhausted because it was never fairly presented to the Nevada state courts. We agree with the Government and dismiss. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).

## I

The district court judge erred in concluding Ground 2(C) was exhausted because it was never fairly presented to the Nevada state courts. In order for a claim to be fairly presented, a petitioner must present the state court with a reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling a petitioner to relief. *Gray v. Netherland,* 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (citation omitted). Mr. Roper's state petition did not include any factual allegations to support his constitutional claims for ineffective assistance of counsel. Under the heading "Whether Counsel Were Ineffective?," Mr. Roper alleged that his trial counsel was ineffective for "fail[ure] [to] offer instructions for petitioner's defense." This conclusory allegation did not permit the Nevada State courts to conduct a meaningful review of Mr. Roper's claims. *See Fields v. Waddington,* 401 F.3d 1018, 1020 (9th Cir.2005) ("To satisfy the exhaustion requirement, he had ... to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (quotations omitted). Thus, Mr. Roper's claims were not fairly presented to the Nevada state courts.

Mr. Roper contends that his failure to allege his federal claims with specificity should be excused as a result of his *pro se* status. While *pro se* litigants are held to a

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This Court reviews *de novo* the district court's denial of Mr. Roper's habeas corpus petition. *See Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir.2000). The district court's factual findings relevant to its determi-

nation are reviewed for clear error. *See Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003).

Mr. Roper's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, "an application of a writ for habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).

more lenient standard for purposes of exhaustion, Mr. Roper's failure to present any facts to the Nevada state courts cannot be excused. *See id.* at 1021 (holding that the *pro se* petitioner did not alert state court of his federal claim, even under the more lenient standard) (citation omitted).

Accordingly, we dismiss the appeal from the denial of habeas corpus relief with instructions that the district court enter an order dismissing the application pursuant to 28 U.S.C. § 2254(a) because Mr. Roper's federal constitutional claim is unexhausted. *See Pappageorge v. Sumner,* 688 F.2d 1294, 1294 (9th Cir.1982) (court dismissed appeal of the denial of a habeas petition and instructed district court to dismiss the action because petitioner had failed to exhaust state remedies).

**DISMISSED WITH INSTRUCTIONS.**