Michael M. CORJASSO, III,
Petitioner—Appellant,

v.

ATTORNEY GENERAL OF the
State of CALIFORNIA; et al.,
Respondents—Appellees.

No. 07–16970.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed Dec. 22, 2008.

568

Daniel J. Broderick, Esquire, Federal Public Defender, Monica Knox, Esquire, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Ward Allen Campbell, Esquire, Supervisory, AGCA–Office of the California Attorney General, Patrick James Whalen, General Counsel, Law Offices of Brooks Ellison, Sacramento, CA, for Respondents–Appellees.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Michael Corjasso ("Corjasso") appeals the denial of his petition for writ of habeas corpus, which sought relief from his state court conviction for first degree murder with special circumstances. Corjasso here argues that he received ineffective assistance of counsel because his trial attorney did not question, challenge, or object to a particular juror remaining on the panel. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We review *de novo* the district court's denial of a habeas petition. *See Killian v. Poole,* 282 F.3d 1204, 1208 (9th Cir.2002). We review the district court's factual findings for clear error. *Id.* (referring to 28 U.S.C. § 2254(e)(1)); *see also Buckley v. Terhune,* 441 F.3d 688, 694 (9th Cir.2006).[1] We find that the petition for habeas corpus was properly denied, and therefore we affirm.

This court previously reviewed Corjasso's claim that he was denied due process

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The facts regarding Corjasso's ineffective assistance of counsel claims were not developed in state court, therefore the Antiterrorism and Effective Death Penalty Act (AEDPA) standard of review (that state court findings of fact are presumed correct and can only be rebutted by clear and convincing evidence) does not apply. *Killian,* 282 F.3d at 1208.

when Grace Hill, a client of another lawyer in the prosecutor's law firm, was allowed to serve on Corjasso's jury and that Corjasso's counsel was ineffective in failing to challenge juror Hill for cause. There, we affirmed the denial of his due process claim. However, because the state court did not hold an evidentiary hearing on Corjasso's ineffective assistance of counsel claim, we remanded for an evidentiary hearing in the district court to resolve issues of fact. *Corjasso v. Ayers,* 116 Fed. Appx. 847, 848–49 (9th Cir.2004). After remand and a full evidentiary hearing in the district court, Corjasso now appeals the denial of habeas relief on the basis of ineffective assistance of counsel.

■ Corjasso has not shown that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court found that, when the trial court made initial inquiry into juror Hill's potential conflict, Corjasso's attorney was able to determine that juror Hill could remain fair and impartial. When juror Hill's ability to serve was again questioned, Corjasso's attorney asked questions of juror Hill to ascertain the nature of any relationship with the prosecutor's firm. The attorney also questioned the prosecutor about the potential conflict and was satisfied that any relationship was tenuous and that juror Hill could still remain fair and impartial. The district court also found that Corjasso's attorney sought to retain juror Hill pursuant to a trial strategy to have older women on the jury, which was discussed with Corjasso. Finally, the district court found that the attorney discussed the issue of juror Hill's potential bias with Corjasso and Corjasso agreed she should remain on the jury. Although there was conflicting evidence, the district court weighed the evidence and credibility of the witnesses. We conclude that its findings are not clearly erroneous.

■ Even assuming deficient conduct, Corjasso cannot establish the "prejudice" prong of the test set forth in *Strickland. See id.* at 697, 104 S.Ct. 2052 (noting that courts may consider either prong of the test first and need not address both if the defendant fails one). There is no evidence of actual juror bias. *See Fields v. Brown,* 503 F.3d 755, 776 (9th Cir.2007) (finding no prejudice where there was no bias because "[r]eplacement of one unbiased juror with another unbiased juror should not alter the outcome"). The circumstances of juror Hill's limited relationship with a law partner of the prosecutor are also not so extreme or exceptional as to warrant a finding of implied bias. *See id.* at 770 (Implied bias may be found in "extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances … or where repeated lies in voir dire imply that the juror concealed material facts in order to secure a spot on the particular jury.") (citations and internal quotation marks omitted).

■ As to claims regarding juror Heidi Geroux, these claims are not within the scope of the Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005) ("Under AEDPA, the scope of review in a habeas case is limited to those issues specified in the certificate of appealability (COA)."). Corjasso did not seek an expansion of the certified issues on appeal, nor did he brief these issues in compliance with Ninth Circuit Rule 22–1(e). Further, we cannot reach these claims, because they were not exhausted in the state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Fields v. Wad-*

*dington,* 401 F.3d 1018, 1020 (9th Cir.2005) (holding that AEDPA requires a petitioner to fairly present his federal claims to the state court in order to satisfy the exhaustion requirement).

Finally, Corjasso has not briefed or asserted any argument on the certified issues of (1) ineffective assistance of *appellate* counsel or (2) whether the district court erred in denying his request to stay the action to allow him to exhaust the claims relating to juror Geroux. Therefore, he has abandoned or waived these issues on appeal. *See Cook v. Schriro,* 538 F.3d 1000, 1014 n. 5 (9th Cir.2008); *accord Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (holding that arguments not raised by a party in its opening brief are deemed waived).

**AFFIRMED.**