**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL JAMES COLUCCIO,

Petitioner - Appellant,

v.

STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents - Appellees.

No. 11-35138

D.C. No. 9:10-cv-00064-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted February 7, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ralph R. Beistline, Chief District Judge for the United States District Court for Alaska, sitting by designation.

Petitioner, Michael Coluccio, is a state prisoner who was convicted of vehicular homicide in a jury trial. He filed a § 2254 habeas corpus petition in the district court claiming faulty jury instructions and insufficiency of the evidence. The district court concluded that the petition was procedurally barred because Coluccio did not exhaust the claims in so far as he did not fairly present them as federal to the state court and alternatively held that the sufficiency of the evidence claim was meritless. Coluccio also argues that any procedural default should be excused because failure to consider his claims will result in a fundamental miscarriage of justice. *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008). We review de novo the district court's decision to grant or deny a habeas corpus petition for failure to exhaust. *Fields v. Washington*, 401 F.3d 1018, 1020 (9th Cir. 2005).

Coluccio turned in front of a motorcyclist who was killed in the ensuing collision. He admitted that he had been drinking but claims he had only had three to four light beers. His blood alcohol level, taken just under two hours after the accident and more than two hours after his last drink, was .07. Coluccio was convicted by a jury of vehicular homicide while under the influence. Coluccio appealed his conviction to the Montana Supreme Court, raising the issues of improper jury instructions and sufficiency of the evidence.

Coluccio argues that his claims were not procedurally defaulted because the state claims of improper jury instruction and sufficiency of the evidence are identical to federal claims and that we should hold that where claims are identical the federal claims have been fairly presented to a state court to satisfy exhaustion. We decline to reach that question because Coluccio's first state claim is not identical to a federal claim, and his second claim does not present a colorable question of federal law and so we deny it on the merits.

Coluccio's first claim related to his jury instructions. The state claim presented to the state court was not identical to a federal claim. Coluccio argues that because of a faulty jury instruction the prosecution was relieved of its burden of proof on every element of the crime, in violation of due process. *In re Winship*, 397 U.S. 358 (1970). He further argues that the Montana Supreme Court and federal law treat *Winship* claims identically. However, he did not present a *Winship* claim or its identical state equivalent to the state court.

Coluccio's second claim is a sufficiency of the evidence claim that the district court determined was procedurally barred but also found meritless. A federal court may "deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–624 (9th Cir. 2005). There is no colorable

claim that the state court unreasonably applied clearly established federal law. *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009). The Montana Supreme Court determined that "viewing the evidence in a light most favorable to the prosecution, there is no evidence upon which a rational trier of fact could find the essential elements of the crime exist beyond a reasonable doubt." This correctly identified the governing rule of *Jackson v. Virginia*, 443 U.S. 307 (1979) for sufficiency of the evidence claims. It did not apply it to a new set of facts in a way that was objectively unreasonable. *DeWeaver*, 556 F.3d at 997.

Coluccio drank at least three beers just before getting behind the wheel of his car. On a clear, sunny day, he turned his car directly into the path of a bright yellow motorcycle with its headlight on. There were two vehicles behind Coluccio; the drivers and passengers in those vehicles saw the victim coming down the road. Coluccio had more than eight seconds to see and respond to the victim's motorcycle. Coluccio's blood alcohol level was .07 two hours after the accident. There was sufficient evidence of actual impairment from that evidence. Also, there was sufficient evidence for a jury to disbelieve that Coluccio had only three to four drinks and to determine that Coluccio grossly deviated from ordinary care by getting behind the wheel of a car after drinking. A jury was not required to find Coluccio guilty. But, viewing the evidence in the light most favorable to the

prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The state court did not unreasonably apply clearly established federal law.

Coluccio also argues that if there was procedural default it should be excused. Procedural default may be excused for a fundamental miscarriage of justice, *Schriro*, 538 F.3d at 1028, such as where a petitioner can show that a constitutional violation probably caused the conviction of one innocent of the crime, *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc). However, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial." *Schriro*, 538 F.3d at 1028 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). No new evidence was presented here.

This is a tragic case for all involved. But the punishment was for a state crime and was imposed under state law. The issues presented to the Montana Supreme Court were state law issues. Its denial of relief on those issues prevents us from acting when no issue of federal law was properly preserved for the federal district court in Coluccio's habeas corpus petition.

**AFFIRMED.**