**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DUANE WILSON,<br><br>Petitioner-Appellant,<br><br>v.<br><br>ROBERT LEGRAND, Warden; and ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>Respondents-Appellees. | No.    17-15153<br><br>D.C. No.<br>3:14-cv-00071-RCJ-VPC<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 19, 2018<sup>**</sup>
San Francisco, California

Before:  WALLACE, KLEINFELD, and GRABER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael Duane Wilson, a Nevada state prisoner, appeals from the district court's order denying his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We AFFIRM.

Wilson asserts six separate "Grounds" for habeas relief. Ground One is divided into subsections 1(a), 1(b), and 1(c): 1(a) challenges the sufficiency of the evidence to support a conviction under the standard set forth in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); 1(b) challenges the state trial court's decisions to deny Wilson's pretrial motions for improper grand jury involvement, improper forum-shopping, and failure to sever the counts; and 1(c) challenges the standards of review applied by the trial court in denying Wilson's motion for judgment of acquittal or new trial. Wilson argues that the three Ground One subsections are part of one overarching claim for insufficient evidence under <u>Jackson</u>.

The district court dismissed all six Grounds for habeas relief. In dismissing Ground One, the district court analyzed subsections 1(a), 1(b), and 1(c) as separate claims. Claim 1(a) was denied on the merits. Claims 1(b) and 1(c) were dismissed for lack of exhaustion "to the extent they set forth federal constitutional claims <u>separate from the insufficiency of evidence claim</u>" in claim 1(a). (Emphasis added.) The other Grounds were similarly denied on the merits or dismissed for lack of exhaustion.

2

A motions panel of this court granted a Certificate of Appealability limited to the following issues: "whether the district court erred by (1) reorganizing Ground One in the amended habeas petition, and (2) finding that the reorganized subclaims were unexhausted." We review the district court's dismissal for lack of exhaustion de novo, but may also affirm on any ground supported by the record. Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005); White v. Klitzkie, 281 F.3d 920, 922 (9th Cir. 2002).

The district court properly considered the Ground One subsections as separate claims. As alleged in the petition, 1(b) and 1(c) are irrelevant to a due process claim under Jackson. Cf. Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) ("[A] petitioner has 'fairly presented' a claim not named in a petition if it is 'sufficiently related' to an exhausted claim."). Wilson argues that 1(b) and 1(c) "enhance" the Jackson claim because the trial court and justice court both viewed the evidence to be weak.[1] Jackson, however, requires considering the sufficiency of the evidence—not what different courts or judges thought about the evidence. See United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (holding that a "reviewing court must [first] consider the evidence presented

---

[1] Justice courts are state courts in Nevada with limited jurisdiction over criminal matters.

at trial in the light most favorable to the prosecution" under Jackson (emphasis added)).

We affirm the district court's judgment dismissing the 1(b) claim. Claim 1(b) can be divided into three subclaims. The claimed improper grand jury involvement, failure to sever, and improper forum-shopping claims were not federalized and are unexhausted. See Petrocelli v. Baker, 869 F.3d 710, 725 (9th Cir. 2017), cert. denied, 138 S. Ct. 984 (2018); Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1205 (9th Cir. 2005) (holding petitioners asserting federal constitutional claims must "explicitly alert[]" state courts that they are making such claims despite contextual inquiry as to exhaustion).

We also affirm the dismissal of the 1(c) claim. The 1(c) claim is either duplicative of the 1(a) Jackson claim or a matter of state law. The district court found 1(c) unexhausted only to the extent that it alleged a separate claim from the general 1(a) Jackson claim. If Wilson meant to collapse 1(a) and 1(c) into one due process claim for insufficiency of evidence, that claim has already been addressed and denied on the merits. Exhaustion or lack thereof played no role in the denial. The district court properly reviewed the evidence and the Nevada Supreme Court's determination—and not the actions of the trial court. See Murray v. Schriro, 745 F.3d 984, 996 (9th Cir. 2014) ("Under AEDPA, we review the last reasoned

4

state-court decision.").  To the extent the 1(c) claim concerns the application of the wrong standard of review under state law, separate from any federal due process concerns, the matter is one merely of state law.  See Hudson v. Louisiana, 450 U.S. 40, 44 n.5 (1981) ("Whether a state trial judge in a jury trial may assess evidence as a '13th juror' is a question of state law").  The 1(c) claim has therefore been denied properly on the merits as part of the 1(a) Jackson claim or is not a claim covered under federal habeas.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Gutierrez v. Griggs, 695 F.2d 1195, 1199 (9th Cir. 1983) ("Insofar as [the petitioner] simply challenges his conviction as a matter of state law, § 2254 and, consequently, the doctrine of exhaustion are not applicable.").

For these reasons, we AFFIRM the district court's judgment.  We decline to broaden the Certificate of Appealability.  See Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999) (explaining that broadening of a certificate of appealability requires "substantial showing of the denial of a constitutional right" (quoting 28 U.S.C. § 2253(c)(2))).

**AFFIRMED.**