NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ALBERT TELLEZ, Jr., | No. 22-15781 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-01057-ROS |
| v. | |
| DAVID SHINN, Director; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted February 8, 2024
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Joseph Tellez Jr. appeals the district court's denial of his petition for habeas

corpus relief under 28 U.S.C. § 2254. An Arizona jury convicted Tellez of three

counts of attempted aggravated assault and acquitted him of second-degree murder

after he was accused of shooting a man at a barbeque and pointing his gun at others

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

present. In his § 2254 petition, Tellez states that he asked his trial counsel to pursue a misidentification defense at trial, but his trial counsel nevertheless pursued a self-defense theory. The district court concluded Tellez (1) did not exhaust that claim in Arizona courts, (2) was procedurally barred from returning to state court to pursue the claim, and (3) did not establish cause and prejudice for his procedural default. This court granted a certificate of appealability regarding whether Tellez's claim that his trial counsel argued self-defense against his wishes was procedurally defaulted, including whether that claim was properly exhausted during state post-conviction proceedings. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

"We review de novo the district court's decision on the habeas petition, including questions of procedural default." *Leeds v. Russell*, 75 F.4th 1009, 1016 (9th Cir. 2023). Whether a petitioner's counsel was ineffective is a mixed question of law and fact reviewed de novo. *Id.*

1. The district court correctly concluded that Tellez did not properly exhaust his claim in state court. On appeal, Tellez argues that his trial counsel's pursuit of a self-defense theory violated Tellez's Sixth Amendment right as articulated in *McCoy v. Louisiana*, 584 U.S. 414, 423 (2018) (holding that when a client expressly asserts their desire to maintain innocence, their lawyer "must abide by that objective and may not override it by conceding guilt"). Tellez argues that he

exhausted his *McCoy* claim in a pro se motion for reconsideration before the Arizona Court of Appeals, in which he stated, "I had no presence at the crime scene, but my attorney argued self-defense against my wishes because he made a deal with the prosecutor and traded me like a baseball card."

Exhausting a claim in state court requires a petitioner to, among other things, adequately provide the factual and legal basis for their claim. *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). Because Tellez neither identified the federal basis for a *McCoy* claim in the sentence quoted above nor referenced the claim (or its federal nature) elsewhere in his nearly fifty-page motion, the claim is not exhausted. *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) ("The petition provides no citation of any case that might have alerted the court to the alleged federal nature of the claim."); *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regard less [sic] of its similarity to the issues raised in state court." (quoting *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996))).

We recognize *McCoy* was decided a few weeks before Tellez filed the motion for reconsideration, and "for the purposes of exhaustion, pro se petitions are held to a more lenient standard." *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003). But even considering that leniency, failing to specify an applicable

3

constitutional provision, "or an underlying federal legal theory," is insufficient to exhaust a claim. *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). Although Tellez diligently attempted to raise his claim on direct appeal and in state post-conviction review (PCR) proceedings, he did not fairly present the federal nature of his claim in state court.

2. The district court correctly concluded that Tellez's claim is procedurally defaulted under Arizona Rule of Criminal Procedure 32.2(a)(3), which generally precludes claims waived in previous appeals or PCR proceedings. "[W]hen the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so," the claim is defaulted. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).

Tellez argues his claim is not barred because he might be able to present it in state court under Arizona Rules of Criminal Procedure 32.1(g) or 32.2(a)(3), but Tellez has not identified sufficient bases to support those arguments. Rule 32.1(g) permits successive petitions due to a "significant change in the law," but "Arizona courts have interpreted that phrase to require a transformative event, a clear break from the past," such as "when an appellate court overrules previously binding case law." *Cruz v. Arizona*, 598 U.S. 17, 27 (2023) (internal citations and quotation marks omitted). Tellez has not identified any precedent that *McCoy* overrules or calls into question. Tellez also briefly argues his claim is not precluded by Rule

4

32.2(a)(3), which permits successive petitions that allege "a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally," but Tellez cites nothing to support the proposition that *McCoy* established such a right.[1]

3. The district court correctly concluded that Tellez did not establish cause and prejudice to excuse his procedural default. For a federal court to review Tellez's procedurally defaulted claim, Tellez must show both "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). Cause under *Martinez* requires establishing (1) PCR counsel's failure to raise a petitioner's ineffective assistance of trial counsel (IATC) claim was deficient performance, and (2) there was a reasonable probability that had the IATC claim been raised, the outcome of the PCR proceeding would have been different. *Leeds*, 75 F.4th at 1016–17.

Tellez argues the *Martinez* standard—which can establish cause for a petitioner's failure to raise IATC claims—governs his asserted *McCoy* claim. But assuming that is correct, Tellez does not argue how he meets that standard. Instead, he argues we should reverse the district court because the court's sole

---

[1] Tellez asserts that we are prohibited from assessing these Arizona procedural rules and instead argues that he is entitled to a *Rhines* stay if we conclude his claim is not plainly meritless. But that argument ignores that regardless of merit, claims that the state would dismiss as waived are subject to procedural default. *See Hurles v. Ryan*, 752 F.3d 768, 779–80 (9th Cir. 2014).

stated rationale for its no-cause finding—that it was not an unreasonable strategy for Tellez's trial counsel to argue self-defense instead of innocence—is directly contradicted by *McCoy*. 584 U.S. at 417, 422 (holding that maintaining innocence is not a "strategic choice[]" for counsel to make, but rather is "the defendant's prerogative"). But we may affirm on any ground supported by the record, *Prescott v. Santoro*, 53 F.4th 470, 479 n.6 (9th Cir. 2022), and we conclude that Tellez has not established cause and prejudice for his default.

Tellez does not argue why PCR counsel's performance was deficient or why that deficiency prejudiced him, as *Martinez* would require. And, on this record, there is not enough evidence to conclude that, had PCR counsel raised the asserted *McCoy* claim, there is a reasonable probability that the outcome of the PCR proceeding would have been different. *Leeds*, 75 F.4th at 1023. Tellez did not object to his trial counsel's performance before the trial court, and Tellez's single sentence in the motion for reconsideration is insufficient for us to conclude that PCR counsel's failure to raise the issue prejudiced Tellez. Although Tellez seeks a remand to further develop his cause and prejudice argument, he points to nothing that would permit him to surmount the limitations on expanding the record. *See* 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 383 (2022). The district court did not err in denying relief on Tellez's habeas petition.

**AFFIRMED.**

6